IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| LLOYD L. LOFTON, III, JOSHUA DILLON BATES, and DANIEL R. WAGNER,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>STATE OF IOWA, KENNETH KERR, COURTNEY M. KAY-DECKER, and BETTY MATHIS,<br><br>　　　Defendants. | CASE NO.: LACL138477<br><br>ORIGINAL NOTICE |

TO THE ABOVE-NAMED DEFENDANTS:

　　You are notified that a Petition has been filed in the office of the clerk of this court naming you as a defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The name and address of the attorney for the Plaintiffs is Melissa A. Schilling, 699 Walnut Street, Suite 1600, Des Moines, Iowa, 50309. The attorneys' phone number is (515) 246-4530; facsimile number: (515) 246-4550.

　　You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition. If you do not, judgment by default may be rendered against you for the relief demanded in the petition. This case has been filed in an Iowa county that utilizes electronic filing. For general rules and information on electronic filing, see Iowa Court Rules Chapter 16. With regard to the protection of personal information in court filings, see Iowa Court Rules Chapter 16, Division VI.

　　If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

# STATE OF IOWA JUDICIARY

Case No. LACL138477
County Polk

Case Title  LLOYD L LOFTON III ET AL VS STATE OF IOWA ET AL

THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:
http://www.iowacourts.state.ia.us/Efile

FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16: http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394 .  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

Date Issued  07/20/2017 02:35:24 PM



District Clerk of Polk         County
/s/ Jennifer Ewers

E-FILED 2017 JUL 19 8:04 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| LLOYD L. LOFTON, III, JOSHUA DILLON BATES, and DANIEL R. WAGNER, | CASE NO.: LACL138477 |
| Plaintiffs, | |
| vs. | PETITION AT LAW AND JURY DEMAND |
| STATE OF IOWA, KENNETH KERR, COURTNEY M. KAY-DECKER, and BETTY MATHIS, | |
| Defendants. | |

*Personally served or re'n Demand at _____ on 7-26, 2017, by Polk County Deputy Sheriff, Deputy U.S. Marshall, Private*

*Type ___ General*

*AG # ___ Division ___*

COMES NOW, the plaintiffs, DANIEL R. WAGNER, LLOYD L. LOFTON, III, and JOSHUA DILLON BATES, and for their causes of action state as follows:

## INTRODUCTION

1. This is a civil action for monetary damages based upon Defendants' blatant failure to stop an Iowa Department of Revenue employee – Defendant Kerr – from using his cell phone to surreptitiously record and photograph each Plaintiff, on separate occasions, while they were using the toilet in a public restroom at their place of employment. On each occasion, the Plaintiffs were in a state of partial nudity and did not know of, or consent to, being videoed, photographed or filmed. Defendants tolerated Defendant Kerr's conduct, allowing him to fulfill his disturbing sexual fantasies. Plaintiffs believe the evidence in this case will demonstrate that Defendants tolerated Defendant Kerr's unwanted, hostile, harassing, disturbing and disruptive behavior, and created an environment fraught with harassment and abuse—a place where state employees could mock, scrutinize, laugh at, and make fun of Plaintiffs as a result of being victims to Defendant Kerr's behavior.

E-FILED   2017 JUL 19 8:04 PM POLK - CLERK OF DISTRICT COURT

## PARTIES AND JURISDICTION

2.  Plaintiff Daniel R. Wagner is a resident of Ankeny, Polk County, Iowa. Mr. Wagner is, and was, at all times pertinent to his claims, an employee of the Iowa Department of Revenue. As an employee, Mr. Wagner has held a variety of positions, and currently works as an Executive Officer II.

3.  Plaintiff Lloyd L. Lofton, III is a resident of Ankeny, Polk County, Iowa. Mr. Lofton is, and was, at all times pertinent to his claims, an employee of the Iowa Department of Revenue. As an employee, Mr. Lofton has held a variety of positions, and currently works as Revenue Auditor I.

4.  Plaintiff Joshua Dillon Bates resided in Kellogg, Jasper County, Iowa during a portion of the events pertinent hereto and now resides in North Liberty, Johnson County, Iowa. Mr. Bates is, and was at all times pertinent to his claims, an employee of the Iowa Department of Revenue. As an employee, Mr. Bates has held a variety of positions, and currently works as a Revenue Auditor II.

5.  At all times relevant hereto, Defendant State of Iowa has formed and operates an agency known as the Iowa Department of Revenue.

6.  The Iowa Department of Revenue ("IDR") is an agency of the State of Iowa, existing pursuant to the laws of the State of Iowa, with its principle place of business in Des Moines, Polk County, Iowa.

7.  Upon information and belief, Kenneth Neal Kerr ("Kerr") is a resident of Polk County, Iowa. At all times pertinent hereto, Kerr was an employee of the Iowa Department of Revenue. In all of his actions complained of herein, Kerr acted for himself and as an agent and on behalf of the Iowa Department of Revenue. Kerr is being sued in his individual capacity.

8.  Courtney M. Kay-Decker ("Kay-Decker") is a resident of Polk County, Iowa and

is the Director of the Iowa Department of Revenue. In all of her actions complained of herein, Kay-Decker acted for herself and as an agent and on behalf of the Iowa Department of Revenue. Kay-Decker is being sued in her individual capacity.

9. Upon information and belief, Betty Mathis ("Mathis") is a resident of Polk County, Iowa. At all times pertinent hereto, Mathis was an employee of the Iowa Department of Revenue. In all of her actions complained of herein, Mathis acted for herself and as an agent and on behalf of the Iowa Department of Revenue. Mathis is being sued in her individual capacity.

10. The State of Iowa, through its agency with the Iowa Department of Revenue, is vicariously liable for the tortious actions of Defendants Kerr, Kay-Decker, and Mathis.

11. The State of Iowa, through its agency with the Iowa Department of Revenue, is liable for the damages suffered by Plaintiffs.

12. At all times relevant hereto, and in all the actions described herein, Defendants' actions took place in Des Moines, Polk County, Iowa.

13. This Court has jurisdiction pursuant to I.C.A. § 669.4.

14. Venue is proper pursuant to I.C.A. § 669.4.

## PROCEDURAL BACKGROUND

15. On November 7, 2016, Mr. Wagner, Mr. Lofton, and Mr. Bates filed claims concerning the allegations contained herein with the State Appeal Board, Iowa Department of Management, as required by I.C.A. § 669.3 (2).

16. More than six months have passed since the Department of Management received claims from Mr. Wagner, Mr. Lofton, and Mr. Bates.

17. On July 19, 2017, Mr. Wagner, Mr. Lofton, and Mr. Bates, through counsel, sent written notice to the Director of the Department of Management to withdraw their claims, as provided by I.C.A § 669.5 (1).

E-FILED 2017 JUL 19 8:04 PM POLK - CLERK OF DISTRICT COURT

## ALLEGATIONS COMMON TO ALL COUNTS

*Plaintiff Daniel Wagner*

18. Between March 1997 and July 2015, Defendant Kerr engaged in unwarranted, unwanted, hostile, harassing, disturbing and disruptive behavior towards Mr. Wagner during, after, and before work.

19. For example, Defendant Kerr stalked Plaintiff Wagner on a daily basis from March 1997 through July 2015: Defendant Kerr followed Plaintiff Wagner multiple times per day into the restroom at the Department of Revenue; Defendant Kerr followed Plaintiff Wagner to his son's baseball games; Defendant Kerr followed Plaintiff Wagner to the golf course; Defendant Kerr followed Plaintiff Wagner to his home; and Defendant Kerr consistently waited for Plaintiff Wagner in the parking lot before, after, and during work.

20. Defendant Kerr's actions were intended to harass Plaintiff Wagner.

21. In addition to stalking Plaintiff Wagner, Defendant Kerr used his cell phone with a video camera function to surreptitiously record Plaintiff Wagner using the toilet in a public restroom at his place of employment. Plaintiff Wagner was in a state of partial nudity at the time of the recording and did not know of, or consent to, being videoed, photographed, or filmed.

22. Defendant Kerr also attempted to, or did, surreptitiously take photos of Plaintiff's genital area at a work luncheon.

23. From March 1997 through July 2015, Plaintiff Wagner complained to his supervisors, including Mathis, on multiple occasions about Defendant Kerr's unwarranted, hostile, harassing, disturbing, and disruptive behavior. IDR's supervisors and managers knew or should have known of Mr. Kerr's behavior yet took no discernable action to prevent future recurrences of these behaviors. For example, in 2012, Plaintiff Wagner's supervisor – Betty Mathis – informed Plaintiff Wagner that Defendant Kerr was surreptitiously taking photographs

4

of him under the lunch table. In 2014, Plaintiff Wagner's supervisor – Paul Benson – informed Plaintiff Wagner on a daily basis that Plaintiff Wagner's "stalker," meaning Defendant Kerr, was watching Plaintiff Wagner. Plaintiff Wagner also informed his supervisor, Sam Hoerr, of Defendant Kerr's behaviors as soon as Mr. Hoerr became his supervisor in early 2015.

24. Despite Plaintiff Wagner's multiple complaints to various IDR supervisors, Plaintiff's complaints continued to be ignored.

25. Because Plaintiff Wagner's complaints to his supervisors were being ignored, Plaintiff Wagner also asked Defendant Kerr to stop his behavior on multiple occasions. Despite Plaintiff Wagner's requests, Defendant Kerr's behaviors did not stop.

26. Following the incidents described above, an IDR employee – Megan Richmond (married name unknown) – disclosed to several other IDR employees, private and confidential information related to Defendant Kerr's behavior towards his victims, including Plaintiff Wagner, and information related to the photographs and recordings taken by Defendant Kerr. Such information included entries from a diary kept by Defendant Kerr, which contained graphic details of Defendant Kerr's harassment of Plaintiff Wagner, his repeated efforts to stalk Plaintiff Wagner, and his disturbing sexual fantasies about Plaintiff Wagner.

27. From March 1997 through the present, Defendants State of Iowa, Kay-Decker, and Mathis have allowed IDR employees to continue to mock, scrutinize, laugh at, and make fun of Plaintiff Wagner as a result of being a victim of Defendant Kerr's behavior.

28. Defendants State of Iowa and Kay-Decker have also continued to jeopardize and invade the privacy of IDR employees by allowing the male restrooms of the Iowa Department of Revenue to be a place where peepholes in the bathroom stalls are acceptable and a place where females can walk in unannounced.

29. As a result of the conduct of Defendants, Plaintiff Wagner has suffered, and

continues to suffer, emotional and mental distress, humiliation, embarrassment, and reduction in the ability to enjoy life, work and family interactions.

***Plaintiff Lloyd Lofton, III***

30. The inaction of Defendant State of Iowa and its supervisors, including Defendant Kay-Decker and Mathis, put other employees at risk of becoming a victim of Defendant Kerr's behavior.

31. In July 2015, Defendant Kerr used his cell phone with a video camera function to surreptitiously record and/or photograph Plaintiff Lofton using the toilet in a public restroom at his place of employment. Plaintiff Lofton was in a state of partial nudity at the time of the recording and did not know of, or consent to, being videoed, photographed, or filmed.

32. Following the incident described above, an IDR employee – Megan Richmond (married name unknown) – disclosed to several other IDR employees, private and confidential information related to Defendant Kerr's behavior towards his victims, including Plaintiff Lofton, and information related to the photographs and recordings taken by Defendant Kerr. Such information included entries from a diary kept by Defendant Kerr, which contained graphic details of Defendant Kerr's harassment of Plaintiff Lofton.

33. From January 2015 to the present, Defendants State of Iowa, Kay-Decker, and Mathis have allowed IDR employees, including Plaintiff Lofton's direct supervisor, Scott Lockwood, to mock, scrutinize, laugh at, and make fun of Plaintiff Lofton as a result of being a victim of Mr. Kerr's behavior.

34. Defendants State of Iowa and Kay-Decker have also continued to jeopardize and invade the privacy of their employees by allowing the male restrooms of the Iowa Department of Revenue to be a place where peepholes in the bathroom stalls are acceptable and a place where females can walk in unannounced.

6

35. As a result of the conduct of Defendants, Plaintiff Lofton has suffered, and continues to suffer, emotional and mental distress, humiliation, embarrassment, and reduction in the ability to enjoy life, work and family interactions.

*Plaintiff Joshua Bates*

36. The inaction of Defendant State of Iowa and its supervisors, including Defendant Kay-Decker and Mathis, put other employees at risk of becoming a victim of Defendant Kerr's behavior.

37. During Plaintiff Bates' employment at IDR, Defendant Kerr used his cell phone with a video camera function to surreptitiously record and/or photograph Mr. Bates using the toilet in a public restroom at his place of employment. Plaintiff Bates was in a state of partial nudity at the time of the recording and did not know of, or consent to, being videoed, photographed, or filmed.

38. Following the incident described above, an IDR employee – Megan Richmond (married name unknown) – disclosed to several other IDR employees private and confidential information related to Defendant Kerr's behavior towards his victims, including Plaintiff Bates, and information related to the photographs and recordings taken by Defendant Kerr. Such information included entries from a diary kept by Defendant Kerr, which contained graphic details of Defendant Kerr's harassment of Plaintiff Bates.

39. As a result of the conduct of Defendants, Plaintiff Bates has suffered, and continues to suffer, emotional and mental distress, humiliation, embarrassment, and reduction in the ability to enjoy life, work and family interactions.

## COUNT I
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(All Plaintiffs Against All Defendants)

40. Plaintiffs restate and incorporate each allegation in paragraphs 1-39 into this Count I as if fully set forth herein.

41. Defendant Kerr, while employed at IDR, engaged in conduct so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable.

42. Defendants State of Iowa, Kay-Decker, and Mathis' reckless disregard for Defendant Kerr's conduct and Plaintiffs' numerous complaints, as well as their tolerance of their supervisors and employees to mock, scrutinize, laugh at, and make fun of Plaintiffs as a result of being victims of Defendant Kerr's conduct, is so outrageous in character and so extreme in degree that it went beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable.

43. The conduct of Defendants was intentional and proximately caused damages to Plaintiffs Wagner, Lofton, and Bates.

44. The conduct of Defendants was willful and wanton and in reckless disregard of Plaintiffs' rights.

45. The damages suffered by Plaintiffs Wagner, Lofton, and Bates include, but are not limited to, emotional and mental distress, humiliation, embarrassment, reduction in the ability to enjoy life, work and family interactions, and out-of-pocket expenses, such as attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, in amounts which fully and fairly compensate them for their damages, for punitive damages, attorneys fees, and for interest allowed by law and for the costs of this action.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(All Plaintiffs against Defendants State of Iowa, Kay-Decker, and Mathis)

46. Plaintiffs restate and incorporate each allegation in paragraphs 1-45 into this Count II as if fully set forth herein.

47. Defendants State of Iowa, Kay-Decker, and Mathis had a duty to their employees, including Plaintiffs Wagner, Lofton, and Bates, to exercise reasonable care in the management and supervision of IDR employees and agents.

48. By the ongoing conduct of Defendant Kerr and the continuing inability of the supervisors and management to mitigate the damages inflicted on Plaintiffs Wagner, Lofton, and Bates, Defendants State of Iowa, Kay-Decker, and Mathis knew or should have known through the exercise of reasonable care that Defendant Kerr's actions were unlawful, damaging, and emotionally injurious to Plaintiffs Wagner, Lofton, and Bates.

49. Defendant State of Iowa, by and through its agents, and Defendants Kay-Decker and Mathis, failed to exercise reasonable care in their decision to retain Defendant Kerr, and not follow proper disciplinary procedures when complaints were made regarding the treatment of Plaintiffs at their place of employment, thereby causing Plaintiffs' emotional distress.

50. Plaintiffs were subjected to a workplace fraught with harassment and abuse at the hands of Defendants State of Iowa, Kay-Decker, and Mathis.

51. Defendants' conduct amounts to negligent or reckless infliction of emotional distress resulting in actual severe emotional distress.

52. Defendants' conduct proximately caused damage to Plaintiffs, including but not limited to, emotional distress, humiliation, embarrassment, reduction in the ability to enjoy life and family interactions, and attorneys' fees and costs and lost wages.

53. It was foreseeable that Plaintiffs Wagner, Lofton, and Bates would suffer

damages and emotional distress because of the persistent, outrageous, indecent, and disturbing behavior of Defendant Kerr, which had been duly reported to the appropriate supervisors within the IDR.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, in amounts which fully and fairly compensate them for their damages, emotional distress damages, and for interest allowed by law and for the costs of this action.

## COUNT III
## INVASION OF PRIVACY
### (All Plaintiffs against All Defendants)

54. Plaintiffs restate and incorporate each allegation in paragraphs 1-53 into this Count III as if fully set forth herein.

55. Defendants at all times were acting under color of state law.

56. Plaintiffs had a reasonable expectation of privacy to be free from unreasonable intrusion by government employees under Iowa common law and under Article I, § 8 of the Iowa Constitution.

57. Defendant State of Iowa, by and through its agents, and Defendants Kay-Decker and Mathis, through their employee, Defendant Kerr, unjustifiably and intentionally violated Plaintiffs' privacy rights by allowing Defendant Kerr to surreptitiously and unlawfully record and photograph Plaintiffs, without the consent or knowledge of Plaintiffs.

58. Defendant State of Iowa, by and through its agents, and Defendants Kay-Decker and Mathis, through their employee, Defendant Kerr, intentionally and unjustifiably violated Plaintiffs' privacy rights by allowing Defendant Kerr to harass and stalk Plaintiffs.

59. Defendant Kerr intentionally and unjustifiably violated Plaintiffs' privacy rights by recording and photographing Plaintiffs, without the consent or knowledge of Plaintiffs.

60. Defendant Kerr intentionally and unjustifiably violated Plaintiffs' privacy rights

by harassing and stalking Plaintiffs.

61. The actions of Defendants are highly offensive to a reasonable person.

62. The conduct of Defendants was willful and wanton and in reckless disregard of Plaintiffs' rights.

63. As a proximate result of the actions of Defendants, Plaintiffs have suffered, and continue to suffer damages including, but not limited to, emotional and mental distress, humiliation, embarrassment, reduction in the ability to enjoy life, work and family interactions, and out-of-pocket expenses, such as attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, in amounts which fully and fairly compensate them for their damages, for punitive damages, attorneys' fees, and for interest allowed by law and for the costs of this action.

## COUNT IV
## NEGLIGENT RETENTION AND/OR SUPERVISION
(All Plaintiffs against Defendants State of Iowa, Kay-Decker, and Mathis)

64. Plaintiffs restate and incorporate each allegation in paragraphs 1-63 into this Count IV as if fully set forth herein.

65. Defendant State of Iowa, by and through its agents, and Defendants Kay-Decker and Mathis, negligently retained and supervised Defendant Kerr.

66. Defendants State of Iowa, Kay-Decker and Mathis owed a duty to Plaintiffs to prevent the abuse that occurred at the hands of their supervisors, employees, and Defendant Kerr.

67. Defendants State of Iowa, Kay-Decker and Mathis owed a duty to Plaintiffs to exercise reasonable care in the retention and supervision of their employees.

68. Defendant State of Iowa, by and through its agents, and Defendants Kay-Decker and Mathis failed to exercise reasonable care in their decision to retain and supervise Defendant Kerr and not follow proper disciplinary procedures when complaints were made regarding the

treatment of Plaintiffs at their place of employment, thereby causing Plaintiffs' damages.

69. Defendants State of Iowa, Kay-Decker, and Mathis adopted a policy or custom of failing to adequately retain and supervise their employees. Defendants State of Iowa, Kay-Decker, and Mathis failed to adequately supervise Defendant Kerr and demonstrated a deliberate indifference to the rights of persons with whom Defendant Kerr came into contact.

70. By continually ignoring the mounting complaints against Defendant Kerr, Defendants State of Iowa, Kay-Decker, and Mathis breached their duty to Plaintiffs and put Plaintiffs in further danger of potential abuse.

71. By the ongoing conduct of Defendant Kerr and the continuing inability of the supervisors and management to mitigate the damages inflicted on Plaintiffs, Defendants State of Iowa, Kay-Decker, and Mathis knew or should have known through the exercise of reasonable care that Defendant Kerr's actions were unlawful, damaging, and emotionally injurious to Plaintiffs.

72. As a proximate result of the actions of Defendants, Plaintiffs have suffered damages including, but not limited to, emotional and mental distress, humiliation, embarrassment, reduction in the ability to enjoy life, work and family interactions, and out-of-pocket expenses, such as attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, in amounts which fully and fairly compensate them for their damages, for interest allowed by law and for the costs of this action.

E-FILED 2017 JUL 19 8:04 PM POLK - CLERK OF DISTRICT COURT

## COUNT V
## NEGLIGENT TRAINING, RETENTION AND/OR SUPERVISION
(All Plaintiffs against Defendants State of Iowa and Kay-Decker)

73. Plaintiffs restate and incorporate each allegation in paragraphs 1-72 into this Count V as if fully set forth herein.

74. Defendant State of Iowa, by and through its agents, and Defendant Kay-Decker negligently trained, retained, and supervised Defendant Mathis and other IDR supervisors.

75. Defendants State of Iowa and Kay-Decker owed a duty to Plaintiffs to prevent the abuse that occurred at the hands of their supervisors.

76. Defendants State of Iowa and Kay-Decker owed a duty to Plaintiffs to exercise reasonable care in the choice and training of their supervisors and their retention and supervision of their employees and supervisors.

77. Defendants State of Iowa and Kay-Decker failed to adequately train their employees and supervisors.

78. Defendants State of Iowa and Kay-Decker were deliberately indifferent to the need to train their supervisors and employees adequately.

79. Defendants State of Iowa and Kay-Decker failed to exercise reasonable care in their decision to retain and supervise Defendant Mathis and other IDR supervisors.

80. Defendants State of Iowa and Kay-Decker adopted a policy or custom of failing to adequately train, retain, and supervise their supervisors, and demonstrated a deliberate indifference to the rights of persons with whom Defendant Mathis and other IDR supervisors came into contact.

81. Defendant Kerr's conduct was frequent and occurred over a long period of time. The resulting complaints were such that the State of Iowa knew or should have known through the exercise of reasonable care that Ms. Mathis, Mr. Benson, Mr. Hoerr, and Scott Lockwood

were inadequately trained and lacked the necessary skills for appropriate supervision, and thus posed a risk of danger to their subordinates. The inaction on the part of Defendants State of Iowa and Kay-Decker amounts to deliberate indifference and failure to protect the rights of Plaintiffs.

82. By continually ignoring the mounting complaints against Defendant Kerr, Defendants State of Iowa and Kay-Decker breached their duty to Plaintiffs and put them in further danger of potential abuse.

83. By the ongoing conduct of Defendant Kerr and the continuing inability of the supervisors and management to mitigate the damages inflicted on Plaintiffs, Defendants State of Iowa and Kay-Decker knew or should have known through the exercise of reasonable care that Defendant Kerr's actions were unlawful, damaging, and emotionally injurious to Plaintiffs.

84. As a proximate result of the actions of Defendants, Plaintiffs have suffered damages including, but not limited to, emotional and mental distress, humiliation, embarrassment, reduction in the ability to enjoy life, work and family interactions, and out-of-pocket expenses, such as attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, in amounts which fully and fairly compensate them for their damages, for interest allowed by law and for the costs of this action.

### COUNT VI
### 42 U.S.C. §1983
### (All Plaintiffs against All Defendants)

85. Plaintiffs restate and incorporate each allegation in paragraphs 1-84 into this Count VI as if fully set forth herein.

86. All acts and omissions alleged above on the part of Defendants were intentional.

87. Defendants' acts and omissions alleged above were committed by Defendants in

the performance of their official duties under state law.

88. Defendants' acts and omissions deprived Plaintiffs of their right to privacy, as guaranteed by the First, Fourth, Fifth and Fourteenth Amendments of the United States.

89. Plaintiffs were deprived of the constitutional rights listed above as the result of official policy of Defendant State of Iowa.

90. The acts and omissions alleged above on the part of Defendants were ratified by Defendant Kay-Decker.

91. The acts and omissions alleged above on the part of Defendants represented a permanent, wide-spread and settled custom which constituted a standard operating procedure of the State of Iowa.

92. The acts and omissions alleged above on the part of Defendant Kay-Decker represented official decisions made by her in her capacity as the Director of the Iowa Department of Revenue.

93. The acts and omissions alleged above on the part of Defendants were the cause of the deprivation of Plaintiffs' constitutional rights.

94. The acts and omissions alleged above were arbitrary and capricious.

95. The acts and omissions alleged above were willful and wanton and taken in reckless disregard of Plaintiffs' rights.

96. Defendants' acts and omissions were the cause of the injuries suffered by Plaintiffs, and thus Defendants are liable to Plaintiffs for damages in an amount to be determined at trial for the deprivation of their rights, privileges, or immunities.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, in amounts, which fully and fairly compensate them for their damages, for punitive damages, attorneys' fees, for interest allowed by law and for the costs of this action, and for

other relief as the Court may deem appropriate.

## COUNT VII
### Negligence
### (All Plaintiffs against Defendant Kerr)

97. Plaintiffs restate and incorporate each allegation in paragraphs 1-96 into this Count VII as if fully set forth herein.

98. Defendant Kerr had a duty to exercise reasonable and ordinary care with respect to IDR employees, including Plaintiffs.

99. Defendant Kerr was negligent in his acts and/or omissions, by amongst other things, negligently engaging in the acts, as set forth above, that Kerr knew or should have known would cause harm to Plaintiffs.

100. As a direct and proximate result of the above-said conduct of Defendant Kerr, Plaintiffs have suffered damages including, but not limited to, emotional and mental distress, humiliation, embarrassment, reduction in the ability to enjoy life, work and family interactions, and out-of-pocket expenses, such as attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for judgment against Defendant Kerr, jointly and severally, in amounts, which fully and fairly compensate them for their damages, for interest allowed by law and for the costs of this action, and for other relief as the Court may deem appropriate.

E-FILED  2017 JUL 19 8:04 PM POLK - CLERK OF DISTRICT COURT

## JURY DEMAND

COMES NOW the Plaintiffs and hereby demand a trial by jury to decide all issues brought forth in this Petition.

By: /s/ Melissa A. Schilling
Melissa A. Schilling, AT0010487
DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
699 Walnut Street, Suite 1600
Des Moines, Iowa 50309-3986
Telephone: (515) 244-2600
FAX: (515) 246-4550
mschilling@dickinsonlaw.com

Attorneys for Plaintiffs, Daniel R. Wagner, Lloyd L. Lofton, III, and Joshua Dillon Bates

E-FILED   2017 JUL 19 8:04 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| LLOYD L. LOFTON, III, JOSHUA DILLON BATES, AND DANIEL R. WAGNER<br><br>  Plaintiffs,<br><br>vs.<br><br>STATE OF IOWA, KENNETH KERR, COURTNEY M. KAY-DECKER, BETTY MATHIS<br><br>  Defendants. | CASE NO.:<br><br>**ATTORNEY FEE AFFIDAVIT** |

STATE OF IOWA  )
              ) ss:
COUNTY OF POLK )

I, Melissa A. Schilling, being first duly sworn on oath state: That I am a regular practicing attorney of the Courts of Iowa; that the attorney fee prayed for in the above-entitled cause of action is for compensation of services actually rendered and to be rendered in said cause; that no agreement, express or implied, has been made between me and my client or any other person for any sharing or division of the attorney fee prayed for in the petition, except a practicing attorney engaged with me in this cause.

_____
Melissa A. Schilling

Subscribed in my presence and sworn to me before me by the said Melissa A. Schilling this ____ day of July, 2017.

_____
NOTARY PUBLIC IN AND FOR THE STATE OF IOWA

CLAIRE R. WARNER
Commission Number 745470
My Commission Expires
March 31, 20__

Exhibit
1